**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

MILTON BETANCO-MARTINEZ,

Petitioner,

v. CIVIL ACTION NO. 3:26-00710

DAVID VENTURELLA,
Acting Director, United States Immigration and Customs Enforcement,
MARKWAYNE MULLIN,
Secretary of Homeland Security;
TODD BLANCHE,
United States Attorney General;
KENNETH BARNETT,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
JOHN RIFE,
Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
in their official capacities,

Respondents.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Amended Verified Petition for Writ of Habeas Corpus filed by Petitioner **Milton Betanco-Martinez** (Am. Pet., ECF No. 10) and Respondents' corresponding Motion to Dismiss (Resp. Order Show Cause & Mot. Dismiss, ECF No. 13).

According to the Amended Petition for Habeas Corpus, Petitioner was arrested on the morning of November 6, 2026, within the interior of the United States, in or around Hurricane, West Virginia, following a traffic stop. Am. Pet. ¶ 14. After his arrest, Petitioner was transported to the ICE processing facility in Poca, West Virginia. Resp. Order Show Cause, at 3. While processing Petitioner, Respondents "discovered that an appeal was filed for the final order of

removal issued on August 13, 2026." *Id.* ICE ERO then "released Petitioner on his own recognizance provided he complied with certain conditions." *Id.* Those conditions include "successful participation in an Alternatives to Detention (ATD) program" with electronic monitoring and possible curfew, as well as reporting requirements, including to the ICE ERO facility in Tallahassee, Florida on November 18, 2026. ECF No. 13-1. Noncompliance with the conditions could result in release revocation, arrest, detention, or prosecution. *Id.*

A Petition for Writ of Habeas Corpus was initially entered around 11:57 a.m. on the day of Petitioner's arrest. *See* ECF No. 1. The Court then issued an Order to Show Cause. ECF No. 7. Petitioner later filed a Motion to Modify the Order to Show Cause, ECF No. 8, citing confirmation of Petitioner's release, which the Court granted. ECF No. 9. Several days later, Petitioner filed the instant Amended Petition for Habeas Corpus. Am. Pet.

In his Amended Petition for Habeas Corpus, Petitioner alleges that his detention violated (1) the Fifth Amendment's Due Process Clause and 2) the Fourth Amendment, Due Process Clause, Immigration and Nationality Act, and its implementing regulations. *Id.* ¶¶ 25–35.

Respondents acknowledge the Court's prior decision in *Jimenez v. Barnett*, No. 3:26-cv-0327, 2026 WL 1397057, at *3 (S.D. W. Va. May 19, 2026), and state it "may be applicable here" if the Court adheres to it. *See* Resp. Order Show Cause, at 2. Furthermore, Respondents state they "believe[] this matter can be decided without a hearing." *Id.* Petitioner also "waives a hearing . . . to the extent this Court finds the present record sufficient to vacate the conditions . . . and enjoin Respondents from detaining Petitioner or subjecting him to further conditions of release . . . absent constitutionally adequate pre-deprivation process." Reply Am. Pet., ECF No. 15, at 1 n.1.

As a threshold matter, the habeas petition is not moot. It appears that the initial Petition was filed while Petitioner was in custody, and it is not "impossible for a court to grant any effectual

relief whatever to the prevailing party." *See Jimenez v. Barnett*, at *3 (quoting *Bell v. Streeval*, 147 F.4th 452, 459 (4th Cir. 2025)); Pet. ¶ 1; Am. Pet., at 10 (asking the Court to vacate conditions of release). Indeed, the Court may still vacate the conditions of release imposed upon Petitioner.

This Court has previously held that if the government does "not have authority for the initial detention" of a petitioner, the government "does not have authority to continue to hold [the petitioner] in custody by way of the conditions imposed pursuant to the unlawful detention." *Jimenez v. Barnett*, at *5. The question then is whether the initial detention was lawful.

Here, Respondents argue that the initial detention was lawful under either 8 U.S.C. § 1231 or 8 U.S.C. § 1226(a). Resp. Order Show Cause, at 9. Under 8 U.S.C. § 1231, an alien shall be detained during the removal period, defined as the 90-day-period that begins, as relevant here, "[t]he date the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)–(2). Here, there was no administratively final order because Petitioner had appealed his removal order to the Board of Immigration Appeals. *See* Resp. Order Show Cause, at 3 (noting appeal of removal order issued on August 13, 2026); 8 U.S.C. § 1101(a)(47); 8 C.F.R. § 1241.1(a). Accordingly, there is no active removal period to justify detention under 8 U.S.C. § 1231.

Petitioner's detention was not lawful under 8 U.S.C. § 1226(a) either. As this Court's previous decisions have discussed, 8 U.S.C. § 1226(a) requires an individualized custody determination. *See Mendoza v. Venturella*, No. 3:26-cv-0662, 2026 WL 3270029, at *2 (S.D. W. Va. Oct. 30, 2026). In reviewing the record, there is no evidence that Respondents provided Petitioner with a Form I-286 for Notice of Custody Determination. *See* ECF No. 13-1. Nor is there evidence of an assessment of Petitioner's flight risk or danger to the community for this detention. *See id.* Accordingly, the Court finds that Respondents have failed to meet their burden of

demonstrating that Petitioner received an individualized custody determination consistent with 8 U.S.C. § 1226(a).[1]

Finding that Petitioner's initial detention did not comport with the requirements of either 8 U.S.C. § 1231 or 8 U.S.C. § 1226(a), the Court finds that Respondents lacked authority under which to initially detain Petitioner. Thus, Respondents lacked the authority to impose conditions following Petitioner's release. *See Jimenez v. Barnett*, at *5.

Accordingly, the Amended Petition for Habeas Corpus (ECF No. 10) is **GRANTED**, and Respondents' Motion to Dismiss (ECF No. 13) is **DENIED**. Petitioner's initial detention was unlawful, and all conditions imposed pursuant to it—including electronic monitoring, participation in the Alternatives to Detention Program, and reporting obligations in Tallahassee, Florida—are **VACATED**.

The Court further **ORDERS** that Respondents are **PROHIBITED** from re-arresting and detaining Petitioner under 8 U.S.C. § 1231 absent an administratively final removal order subject to the statutory definitions of 8 U.S.C. § 1101(a)(47). The Court further **ORDERS** that Respondents are **PROHIBITED** from re-arresting and detaining Petitioner under 8 U.S.C. § 1225 and are **PROHIBITED** from re-arresting and detaining Petitioner under 8 U.S.C. § 1226(a) absent adequate notice and an adequate opportunity to be heard, consistent with due process. Respondents are likewise **PROHIBITED** from imposing any conditions or restraints on Petitioner's liberty without constitutionally adequate pre-deprivation process.

The Hearing previously scheduled for Tuesday, November 17, 2026, is **CANCELED**.

---

[1] The Court also rejects any contention that Petitioner's consent to the conditions of release makes them lawful. *See* Resp. Order Show Cause, at 9.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 17, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE